# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **EUNICE HEBERT,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | **CIVIL ACTION NO. 4:22-cv-1520** |
| **v.** | § | |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| | § | |
| **TYSON FOODS, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

---

**DEFENDANT TYSON FOODS, INC.'S**
**INDEX OF DOCUMENTS PURSUANT TO LR 81.1**

---

In accordance with LR81 and 28 U.S.C. § 1446(a), Defendant Tyson Foods, Inc. ("Tyson") provides the following Index of Documents in support of Tyson's Notice of Removal as follows:

Exhibit 1   Docket Sheet in the State Court Action;

Exhibit 2   Plaintiff's Original Petition (filed on April 8, 2022);

Exhibit 3   Request for Issuance of Service;

Exhibit 4   Citation;

Exhibit 5   Affidavit of Service executed on April 12, 2022; and

Exhibit 6   Defendant Tyson Foods, Inc.'s Original Answer (filed on April 29, 2022).

---

Respectfully submitted,

**MAYER LLP**
750 N. St. Paul Street, Suite 700
Dallas, Texas 75201
Telephone: 214.379.6900
Facsimile: 214.379.6939

By:     /s/ *Zach T. Mayer*
        Zach T. Mayer
        State Bar No. 24013118
        Email: zmayer@mayerllp.com
        J. Edward Johnson
        State Bar No. 24070001
        Email: ejohnson@mayerllp.com

**ATTORNEYS FOR DEFENDANT
TYSON FOODS, INC.**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on May 12, 2022, the foregoing *Index of Matters Being Filed* was electronically filed, as required by the United States District Court for the Southern District of Texas, using the Court's CM/ECF filing system, which will provide notice and a copy of this document, with attachments, to the following, who are indicated to be registered ECF filers in the United States District Court for the Southern District of Texas:

**Via e File:**
jlee@armstronglee.com
abender@armstronglee.com
service@armstronglee.com
Joshua D. Lee
Aaron K. Bender
Armstrong & Lee LLP
2900 North Loop West, Suite 830
Houston, Texas 77092

☒ E-MAIL
☐ HAND DELIVERY
☐ FACSIMILE
☐ OVERNIGHT MAIL
☐ REGULAR, FIRST CLASS MAIL
☒ CM/ECF
☐ CERTIFIED MAIL/RETURN RECEIPT
   REQUESTED

    /s/ *Zach T. Mayer*
    Zach T. Mayer

# EXHIBIT 1

# 2022-21516

**COURT:**   270th

**FILED DATE:**  4/8/2022

**CASE TYPE:**   Other Injury or Damage



---

**HEBERT, EUNICE**

Attorney: BENDER, AARON KEVIN

**vs.**

**TYSON FOODS INC**

Attorney: MAYER, ZACHARY THOMAS

---

| Docket Sheet Entries | |
|---|---|
| Date | Comment |

# EXHIBIT 2

4/8/2022 5:32 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 63422926
By: Cynthia Clausell-McGowan
Filed: 4/8/2022 5:32 PM

CAUSE NO. _____

| | | |
|---|---|---|
| EUNICE HEBERT | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TYSON FOODS INC. | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Eunice Hebert ("***Plaintiff***") files this Original Petition against Defendant Tyson Foods Inc. ("***Defendant***").

### DISCOVERY LEVEL 2

1.      Pursuant to the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Discovery Control Plan Level 2.

### PARTIES

2.      Plaintiff is an individual residing in Harris County, Texas. Plaintiff may be served through the undersigned counsel.

3.      Defendant Tyson Foods Inc. is an Arkansas Company doing business throughout Texas and subject to this Court's jurisdiction that may be served through its registered agent, CT Corporation System, at 1601 Elm Street, Dallas, Texas 75201. Plaintiff requests issuance of citation to Defendant.

## JURISDICTION & VENUE

4.       Jurisdiction is proper in this Court because the amount-in-controversy is within the jurisdictional limits of this Court.  Plaintiff seeks monetary relief of over $250,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

5.       Venue is proper in this Court because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this county.

## FACTS

6.       On or about June 4, 2020, Plaintiff was working in the course and scope of her employment as an assembly line worker for Defendant at their 300 Portwall Street, Houston, Texas 77029 location when she fell over a stack of boxes that her coworker had placed behind her without warning.  Plaintiff was focused on unjamming a machine, and while she was doing so, her coworker placed the stack of boxes directly behind her. When Plaintiff finally took a step backwards, she fell over the boxes and suffered severe injuries to her right knee and back.

7.       Prior to her fall, Defendant were aware of the tripping hazard danger posed by leaving boxes in the assembly line area but failed to remedy the hazard.  Plaintiff specifically complained to a manager of this coworker's unsafe practices in the assembly line area prior to this incident, but upon information and belief, Defendant never gave this coworker additional safety training or took any corrective action.

8.       Defendant did not provide Plaintiff with a safe workplace to perform her job safely.  Had Defendants provided Plaintiff with a safe workplace, Plaintiff would not have suffered the injuries she sustained.

2

9.     As a result of this incident, Plaintiff suffered serious bodily injuries and serious loss for which she seeks redress.

## CAUSE OF ACTION

### Negligence Against Defendant Tyson Foods Inc.

10.     Plaintiff incorporates all prior paragraphs of this petition here.

11.     Because Plaintiff was Defendant's employee, Defendant had a duty provide a safe workplace and the proper and necessary training and assistance for Plaintiff to perform her work safely.

12.     At the time and occasion in question, Defendant failed to use ordinary care by various acts and/or omissions including, but not limited to the following, each of which singularly or in combination, was a proximate cause of the incident in question:

    a.    Failing to use accepted industry standards regarding sound ergonomics practices;

    b.    Failing to properly train employees in the safety protocols of working in an assembly line area;

    c.    Failing to properly train employees in keeping the assembly line area clean, tidy, and free of tripping hazards;

    d.    Failing to develop and implement proper safety protocols for employees working in the assembly line area;

    e.    Failing to enforce proper safety protocols for employees working in the assembly line area;

    f.    Failing to provide necessary assistance to Plaintiff;

    g.    Creating an unreasonably dangerous condition on the premises;

    h.    Failing to warn or make safe an unreasonably dangerous condition of which Defendant knew or should have known;

    i.    Disregarding the safety of Plaintiff; and

j.      Other acts deemed negligent.

13.     Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this suit and Plaintiff's injuries.

14.     Defendant failed to provide sufficient training ort corrective actions to other employees for Plaintiff to safely engage in her assembly line work.  The lack of proper training and enforcement created an unreasonable risk of harm to Plaintiff.  Defendant failed to maintain a safe workplace for Plaintiff by allowing employees to leave boxes in areas of ingress and egress near the assembly line.  The risk of injury to workers was known to Defendant.  Defendant consciously disregarded a known, unreasonable risk of danger to Plaintiff.  But for Defendant's failure to remedy known hazards, Plaintiff would not have been injured. Yet, Defendant failed to take any remedial action for known hazards in the workplace. The failure to ensure that the assembly line area was clean, tidy, free of hazards, and safe for its workers created a foreseeable, known risk, and Defendant's negligence was therefore a direct and proximate cause of Plaintiff's injuries.

15.     At all material times, Defendant's employees were acting in the course and scope of their employment with Defendant. The incident made the basis of this suit is a direct and proximate result of the negligence of Defendant's employees. Therefore, Defendant is liable under the doctrine of *respondeat superior* for the acts and omissions of their agents, servants, employees, and statutory employees and agents, including the janitorial staff, security, maintenance staff, or any other staff member in charge of keeping the Premises clean, free of hazards, and safe.

4

16.     Moreover, Defendant was negligent by failing to properly train and supervise its employees, who in turn failed to warn Plaintiff of the dangerous situation and thus caused her injuries.

17.     Defendant's breaches and/or the breaches of Defendant's employees in the course and scope of their employment proximately caused Plaintiff's injuries.

18.     Each of the above acts or omissions constitutes negligence.

## NON-SUBSCRIBER

19.     At the time of the occurrence made the basis of this suit, Defendant was a non-subscriber as described in Tex. Labor Code 406.003 because Defendant did not have a workers' compensation policy in force to cover this occurrence.

20.     Therefore, Defendant is barred from raising the common law defenses outlined in Tex. Labor Code § 406.033(a) of contributory negligence, assumption of the risk, or the fellow servant doctrine.

## DAMAGES

21.     Plaintiff's damages include, *inter alia*, injuries to her right knee, lower back, and other parts of her body, which resulted in severe pain, physical impairment, discomfort, mental anguish, distress, and other medical problems.  Plaintiff has incurred medical expenses, and is likely to incur future medical expenses, for the treatment of injuries caused by Defendant's negligence.  Therefore, Plaintiff brings suit for the following damages:

      a.     past and future physical pain and suffering;

      b.     past and future lost wages;

      c.     past and future physical impairment;

      d.     disfigurement

e.      past and future mental anguish; and

f.      past and future medical expenses.

## DEMAND FOR JURY TRIAL

22.     Plaintiff demands a trial by jury on all claims.

## PRAYER

Plaintiff prays that Defendant be cited to appear herein and, after a trial on the merits, that the Court enter judgment awarding Plaintiff actual damages and additional damages as allowed by law, costs of court, pre- and post-judgment interest to the maximum extent as allowed by law, and all such other and further relief, both general and special, at equity and at law, to which Plaintiff may be justly entitled.

Respectfully submitted,

**ARMSTRONG & LEE LLP**

By:   */s/ Aaron K. Bender*
        Joshua D. Lee
        State Bar No. 24100139
        Aaron K. Bender
        State Bar No. 24101502
2900 North Loop West, Ste. 830
Houston, Texas 77092
Telephone:    (832) 709-1124
Facsimile:     (832) 709-1125
jlee@armstronglee.com
abender@armstronglee.com
service@armstronglee.com

**Attorneys for Plaintiff**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Joy Benitez on behalf of Aaron Bender
Bar No. 24101502
jbenitez@armstronglee.com
Envelope ID: 63422926
Status as of 4/11/2022 8:13 AM CST

Associated Case Party: Eunice Hebert

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Joshua Lee | | jlee@armstronglee.com | 4/8/2022 5:32:22 PM | SENT |
| Armstrong & Lee LLP Service | | service@armstronglee.com | 4/8/2022 5:32:22 PM | SENT |
| Aaron K.Bender | | abender@armstronglee.com | 4/8/2022 5:32:22 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   May 2, 2022

Certified Document Number:        101346279 Total Pages:  7

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# EXHIBIT 3

4/8/2022 5:32:22 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 63422926
By: CLAUSELL, CYNTHIA
Filed: 4/8/2022 5:32:22 PM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** _____  **CURRENT COURT:** _____

**Name(s) of Documents to be served:** Plaintiff's Original Petition

**FILE DATE:** _____ April 8, 2022 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Tyson Foods Inc.

**Address of Service:** 1601 Elm Street

**City, State & Zip:** Dallas, Texas 75201

**Agent (if applicable)** CT Corporation System

## TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the proper Box)

- [x] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication**
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias** Newspaper_____
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias (not an E-Issuance)**
- [ ] **Attachment**
- [ ] **Certiorari**
- [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus**
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [x] **E-Issuance by District Clerk**
- [ ] **MAIL to attorney at:** _____  **(No Service Copy Fees Charged)**
- [ ] **CONSTABLE** *Note:* The email registered with EfileTexas.gov must be
- [ ] **CERTIFIED MAIL by District Clerk** used to retrieve the E-Issuance Service Documents.
Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____  Phone: _____

- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Aaron K. Bender    **Bar # or ID** 24101502

**Mailing Address:** 2900 N. Loop W., Ste. 830, Houston, TX 77092

**Phone Number:** 832-709-1124



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   May 2, 2022

Certified Document Number:        101346280 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

# EXHIBIT 4

Receipt Number: 963669
Tracking Number: 73993670

EML
**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 202221516

---

PLAINTIFF: HEBERT, EUNICE                          In the 270th Judicial

vs.                                                District Court of

DEFENDANT: TYSON FOODS INC                         Harris County, Texas

---

CITATION

THE STATE OF TEXAS
County of Harris

TO: TYSON FOODS INC MAY BE SERVED THROUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM

1601 ELM STREET

DALLAS TX 75201

    Attached is a copy of PLAINTIFFS ORIGINAL PETITION.

This instrument was filed on April 8, 2022, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this April 11, 2022.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: CYNTHIA CLAUSELL

Issued at request of:
BENDER, AARON KEVIN
2900 NORTH LOOP WEST STE 830
HOUSTON, TX  77092
832-709-1124
Bar Number: 24101502

Tracking Number: 73993670
EML

CAUSE NUMBER: 202221516

| | |
|---|---|
| PLAINTIFF: HEBERT, EUNICE | In the 270th |
| vs. | Judicial District Court |
| DEFENDANT: TYSON FOODS INC | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock ____. M., on the _____ day of _____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock ____. M., on the _____ day of _____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the _____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20 _____.

FEE:  $ _____          _____

                                   _____ of _____

County, Texas

_____          By: _____
        Affiant                                Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared.  After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of _____, 20 _____

                                   _____
                                            Notary Public



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   May 2, 2022

Certified Document Number:        101362991 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

4/12/2022 5:31 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 63516669
By: JONATHAN PATTON
Filed: 4/12/2022 5:31 PM

Receipt Number: 963669
Tracking Number: 73993518

EML
COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202221516

| | |
|---|---|
| PLAINTIFF: HEBERT, EUNICE | In the 270th Judicial |
| vs. | District Court of |
| DEFENDANT: TYSON FOODS INC | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: TYSON FOODS INC MAY BE SERVED THROUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM
1601 ELM STREET
DALLAS TX 75201

    Attached is a copy of PLAINTIFFS ORIGINAL PETITION.

This instrument was filed on April 8, 2022, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this April 11, 2022.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002


Generated By: CYNTHIA CLAUSELL

Issued at request of:
BENDER, AARON KEVIN
2900 NORTH LOOP WEST STE 830
HOUSTON, TX  77092
832-709-1124
Bar Number: 24101502

Certified Document Number: 101395453 - Page 1 of 2

# EXHIBIT 5

<u>**CAUSE NO. 2022-21516**</u>

| | | |
|---|---|---|
| EUNICE HEBERT | § | |
| **PLAINTIFF** | § | |
| | § | |
| VS. | § | IN THE 270th District Court |
| | § | |
| TYSON FOODS INC | § | HARRIS COUNTY, TX |
| **DEFENDANT** | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**RETURN OF SERVICE**

**ON Tuesday, April 12, 2022 AT 10:02 AM**
CITATION, PLAINTIFF'S ORIGINAL PETITION for service on TYSON FOODS INC C/O REGISTERED AGENT CT CORPORATION SYSTEM came to hand.

**ON Tuesday, April 12, 2022 AT 2:34 PM, I, DON  ANDERSON, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** TYSON FOODS INC C/O REGISTERED AGENT CT CORPORATION SYSTEM, by delivering to Intake Specialist: George Martinez, 1999 Bryan St Suite 900, DALLAS, DALLAS COUNTY, TX 75201.

My name is DON  ANDERSON. My address is 1900 Brown, BALCH SPRINGS, TX 75180. I am a private process server certified by the Texas Judicial Branch Certification Commission (PSC 4232, expires 8/31/2022). My e-mail address is info@easy-serve.com. My date of birth is 7/14/1956. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in DALLAS COUNTY, TX on Tuesday, April 12, 2022.

/S/ DON  ANDERSON

Hebert, Eunice

Doc ID: 295601_1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   May 2, 2022

Certified Document Number:      101395453 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

# EXHIBIT 6

4/29/2022 3:47 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 64056715
By: Lisa Thomas
Filed: 4/29/2022 3:47 PM

**CAUSE NO. 202221516**

| | | |
|---|---|---|
| **EUNICE HEBERT,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **270TH JUDICIAL DISTRICT** |
| | § | |
| **TYSON FOODS, INC.,** | § | |
| | § | |
| *Defendant.* | § | **HARRIS COUNTY, TEXAS** |

---

## DEFENDANT TYSON FOODS, INC.'S ORIGINAL ANSWER

---

Defendant Tyson Foods, Inc. ("Defendant") files its Original Answer to the Original Petition filed by Plaintiff Eunice Hebert ("Plaintiff") as follows:

### I.
### GENERAL DENIAL

1.       Defendant denies each and every, all and singular, the material allegations contained within Plaintiff's pleading and demands strict proof thereof.

### II.
### AFFIRMATIVE DEFENSES

2.       Pleading further, alternatively, and by way of affirmative defense, Defendant would state that in the unlikely event that an adverse judgment would be rendered against it, Defendant would respectfully request all available credits and/or offsets as provided by the Texas Civil Practice and Remedies Code and under Texas law.

3.       Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that in addition to any other limitation under law, Plaintiff's

---

Certified Document Number: 101695591 - Page 1 of 6

recovery of medical or health care expenses, if any, should be limited to the amount actually paid or incurred by or on behalf of Plaintiff pursuant to Section 41.0105 of the Texas Civil Practices and Remedies Code.

4.      By way of affirmative defense, Defendant invokes Chapter 33 of the Texas Civil Practices & Remedies Code and pleads that Plaintiff's claims are barred, in whole or in part, by the contributory and/or comparative negligence of Plaintiff and/or other parties, or alternatively, that the conduct of other parties, including Plaintiff, was an independent, intervening, superseding, and/or the sole proximate cause of Plaintiff's alleged damages. Therefore, Defendant is not liable for such damages.

5.      By way of affirmative defense, Defendant pleads that Plaintiff's damages, if any, were caused by preexisting injuries and/or preexisting medical conditions that occurred or arose before the incident forming the basis of this lawsuit.

6.      By way of affirmative defense, Defendant pleads that, pursuant to the Patient Protection and Affordable Care Act ("ACA") and common-law, Plaintiff has a duty to mitigate the amount of future damages for medical care by purchasing a health insurance policy no later than March 31, 2014 in accordance with the Individual Mandate prescribed in 26 U.S.C. § 5003A, et.seq. Further, Defendant's potential liability for future medical care should be limited to the amounts not covered under the ACA for co-pays and deductibles. In the alternative, if Plaintiff has purchased a health insurance policy pursuant to the Individual Mandate,

Certified Document Number: 101695591 - Page 2 of 6

Plaintiff's future medical expenses are limited to the amount the ACA will actually pay for medical expenses and not the full retail cost of future medical care.

7. By way of affirmative defense, Defendant pleads that Plaintiff's claims are barred or limited, in whole or in part, by Plaintiff's failure to mitigate damages and failure to take the reasonable steps that a person of ordinary prudence in a similar situation would have taken to avoid the damages claimed by Plaintiff. Accordingly, Defendant is entitled to an instruction to the jury that they shall not consider elements of damages incurred and caused by Plaintiff's failure to mitigate damages.

8. Pleading further, alternatively, and by way of affirmative defense, Defendant asserts that Plaintiff's claims, if any, for exemplary, punitive or other damages are barred, limited, restricted, and/or governed by the provisions of Chapter 41 of the Texas Civil Practice & Remedies Code and any other applicable statute concerning the recovery of damages and the common law of Texas. Accordingly, Defendant specifically pleads the limitations, restrictions and/or bar on the recovery by Plaintiff of such damages in accordance with Chapter 41 and other applicable law.

9. efendant hereby gives notice that it intends to rely upon such other defenses or denials, affirmative or otherwise, and to assert third-party claims and any other claims, as may become available or appear during discovery as it proceeds in this matter.

**DEFENDANT'S ORIGINAL ANSWER**

## III.
## JURY DEMAND

10.    In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendant demands a trial by jury.

## IV.
## NOTICE OF SELF-AUTHENTICATION

11.    In accordance with Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby provides written notice that they intend to use self-authenticated documents against Plaintiff at any future pretrial proceeding, trial, or appeal in this matter.

## <u>PRAYER</u>

Defendant Tyson Foods, Inc. prays that Plaintiff takes nothing by this suit, that Defendant goes hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

**DEFENDANT'S ORIGINAL ANSWER**

8094255v1(58140.00253)                                              **PAGE** 4 **OF** 5

Respectfully submitted,

**MAYER LLP**
750 N. St. Paul Street, Suite 700
Dallas, Texas 75201
Telephone: 214.379.6900
Facsimile: 214.379.6939


By:     /s/ *Zach T. Mayer*
        Zach T. Mayer
        State Bar No. 24013118
        zmayer@mayerllp.com
        J. Edward Johnson
        State Bar No. 24070001
        ejohnson@mayerllp.com
        Miranda Roberts
        State Bar No. 24121086
        mroberts@mayerllp.com

**ATTORNEYS FOR DEFENDANT
TYSON FOODS, INC.**

**CERTIFICATE OF SERVICE**

This is to certify that on the 29th day of April 2022, a true and correct copy of the foregoing has been forwarded to all counsel of record, as follows:

**Via eFileTexas.gov:**
jlee@armstronglee.com
abender@armstronglee.com
service@armstronglee.com
Joshua D. Lee
Aaron K. Bender
Armstrong & Lee LLP
2900 North Loop West, Suite 830
Houston, Texas 77092


        /s/ *Zach T. Mayer*
        Zach T. Mayer

**DEFENDANT'S ORIGINAL ANSWER**

8094255v1(58140.00253)                                    **PAGE 5 OF 5**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Shannon Pilgrim on behalf of Zachary Thomas Mayer
Bar No. 24013118
spilgrim@mayerllp.com
Envelope ID: 64056715
Status as of 4/29/2022 4:02 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Joshua Lee | | jlee@armstronglee.com | 4/29/2022 3:47:53 PM | SENT |
| Armstrong & Lee LLP Service | | service@armstronglee.com | 4/29/2022 3:47:53 PM | SENT |
| Aaron K.Bender | | abender@armstronglee.com | 4/29/2022 3:47:53 PM | SENT |
| Edward Johnson | | ejohnson@mayerllp.com | 4/29/2022 3:47:53 PM | SENT |
| Zach Mayer | | zmayer@mayerllp.com | 4/29/2022 3:47:53 PM | SENT |
| Miranda KRoberts | | mroberts@mayerllp.com | 4/29/2022 3:47:53 PM | SENT |
| Cathy Preston | | cpreston@mayerllp.com | 4/29/2022 3:47:53 PM | SENT |

Certified Document Number: 101695591 - Page 6 of 6



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   May 2, 2022

Certified Document Number:        101695591 Total Pages:  6

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**